UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GRACIELA DIAZ,**

      **Plaintiff,**

vs.                                                  **Case No.: 8:05-cv-620-T-30MSS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for period of disability and disability insurance benefits under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record and the pleadings and memoranda submitted by the parties in this case.

---

[1] The District Court has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72 and Local Rules 6.01(a), (b) and 6.02(a), M.D. Fla.

I.   **Background**

   A.   **Procedural History**

Plaintiff first filed an application for disability benefits on February 7, 1997, alleging an onset date of August 16, 1996. (T. 16) On August 28, 1998, an ALJ denied this application. Id. Plaintiff unsuccessfully appealed to this Court and the Eleventh Circuit Court of Appeals. Diaz v. Massanari, 277 F.3d 1379 (11th Cir. 2001).

Immediately following the denial of her claim at the circuit level, Plaintiff filed a second application for period of disability and social security disability insurance ("SSDI") benefits on September 24, 2001. (T. 56-58) Plaintiff alleged a new onset of disability date of August 29, 1998, the date immediately following the adverse decision of the ALJ in the initial application. Plaintiff again alleged disability due to herniated discs, back and pelvic pain, incontinence, depression and insomnia. (T. 65, 70, 72-75, 79-84) Plaintiff's last date insured was December 31, 2001. Thus, to prevail on the second application she had to establish disability onset after August 28, 1998 and prior to December 31, 2001.

Her second application was denied initially and upon reconsideration. (T. 33-45) Plaintiff requested a hearing, which was held on May 23, 2003, before ALJ Francis H. Ayer. (T. 16, 46, 213) In a decision dated July 24, 2003, the ALJ denied Plaintiff's claims for benefits. (T. 16-26) The ALJ determined that Plaintiff was not disabled because she retained the residual functional capacity (the "RFC") to perform a full range of light work, including her past relevant work activity. (T. 25) Plaintiff appealed

her denial of benefits to the Appeals Council, but it denied review of the decision on January 28, 2005. (T. 4-6)

  **B.**  **Medical History and Findings Summary**

Plaintiff's medical history is set forth in detail in the ALJ's decision. (T. 18-22) By way of summary, Plaintiff alleged she became disabled due to herniated discs, back and pelvic pain, incontinence, depression and insomnia following a work-related injury. (T. 17, 21, 70)

At the hearing, the ALJ heard Plaintiff's testimony (T. 22, 218-40) and reviewed her medical records, including medical records from Carrollwood Radiology and MRI (T. 90-91); Tampa General Hospital (T. 92-109); Richard Santayana, M.D. (T. 110-16); the Neuropsychiatric Institute (T. 117-19); Robert A. Martinez, M.D. (T. 120-42, 177-83, 188); James Coniglio, Ph.D. (T. 184-87); and Arturo R. Quezada Dominguez, M.D. (T. 189-90).

After considering the evidence, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 29, 1998. While he concluded that her combination of impairments was severe, the ALJ ultimately found that Plaintiff did not have an impairment or combination of impairments listed in or equivalent to the listed impairments found in Appendix 1, Subpart P, Regulations No. 4. (T. 18, 25) The ALJ determined that Plaintiff's testimony regarding her pain and other symptoms was not fully credible or consistent with the competent medical evidence. Id. The ALJ also found that Plaintiff retained the RFC to perform a full

range of light work activity, including her past relevant work activity, and, consequently, she had failed to establish that she was under a "disability" as defined in the Act or entitled to SSDI. (T. 23, 25)

Plaintiff contends that the decision of the ALJ must be reversed and remanded with an immediate award of benefits because (1) the ALJ failed to give proper weight to the opinion of the treating physicians; (2) the ALJ utilized an incomplete or inaccurate hypothetical when eliciting the vocational expert's (the "VE") testimony; (3) the ALJ failed to develop the record; (4) the ALJ misstated the definition of Plaintiff's RFC; (5) the ALJ did not follow SSR 83-10, 83-12, 83-14 and 96-9p when deciding the case; (6) the ALJ reviewed evidence of the earlier claim constituting a *de facto* re-opening; (7) the ALJ failed to utilize the correct pain standard; (8) the ALJ failed to recognize her impairments alone and in combination; and, (9) the ALJ's decision caused the Plantiff to suffer an injustice.

For the reasons that follow, the Undersigned **REPORTS** and **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

II.   **Standard of Review**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g) (2000). "Substantial evidence is 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) (citing Richardson v. Perales, 402 U.S.

4

389 (1971)). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew, make credibility determinations, or substitute its judgment as to the weight of the evidence for that of the Commissioner. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner or the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, the case must be reversed. Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991); accord Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1986) ("Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."); Stephen v. Comm'r of Soc. Sec., 386 F. Supp. 2d 1257, 1261 (M.D. Fla. 2005) ("The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.").

### III. Discussion

#### A. WHETHER THE ALJ FAILED TO GIVE PROPER WEIGHT TO THE OPINIONS OF THE TREATING PHYSICIANS.

Plaintiff first contends that the ALJ failed to give proper weight to the opinions of

the treating physicians; and therefore, Plaintiff contends the ALJ's findings that Plaintiff can perform a full range of light work activity, including her past relevant work activity, are not supported by substantial evidence. The Commissioner responds that the ALJ properly discounted the treating physicians' opinions because the opinions were unsubstantiated and, as shown through contemporaneous medical evidence, Plaintiff's condition had not changed significantly since her last claim for disability had been denied and before her last date insured.

      1.    <u>Dr. Martinez' Opinions Predating August 28, 1998</u>

Dr. Robert A. Martinez, Plaintiff's neurologist, first saw Plaintiff on October 28, 1996, prior to the August 1998 decision of the ALJ. At that time, Dr. Martinez diagnosed Plaintiff with chronic cervical, thoracic and lumbosacral strain and recommended magnetic resonance imaging ("MRI") scans. (T. 137-42) The MRI indicated disc herniation at C3-4 with posterior spurring at C4-5, C5-6 and C6-7 level and degenerative disc at T11-T10 area. (T. 135-36) Plaintiff returned on November 5, 1996, for a follow-up visit and complained of difficulty sleeping due to the pain in addition to her previous symptoms. (T. 132) Dr. Martinez diagnosed chronic cervical, thoracic and lumbosacral strain, a tarlov cyst in the sacral area, degenerative discs and disc herniation with posterior spurring. (T. 132-33) On December 9, 1996, Plaintiff complained of headaches, neck pain, mid-back pain and low-back pain radiating down her arms and legs and difficulty sleeping. (T. 129) Dr. Martinez reiterated his November 5, 1996, diagnosis, recommended that Plaintiff could not work

(T. 130) and stated that the Plaintiff was totally disabled at this time. (T. 128)

Plaintiff returned to Dr. Martinez on February 5, 1998, complaining of sleeping problems caused by her continuing neck, mid-back and low-back pain as well as numbness of the left arm and leg. (T. 123) Dr. Martinez diagnosed Plaintiff with chronic severe cervical, thoracic and lumbosacral strain, cervical disc herniation, multiple level arthritis and chronic insomnia. (T. 126) Dr. Martinez opined that Plaintiff had reached maximum medical improvement and was 100% permanently, totally disabled (T. 126-27) and was permanently limited to lifting ten pounds occasionally, lifting less than ten pounds frequently, sitting for two hours and standing or walking less than two hours in an eight-hour workday. (T. 120-22)

These findings were all made during the period of consideration covering the Plaintiff's initial claim of disability. Reconsideration of a claim of disability during that period is foreclosed as Plaintiff's claim was denied at the administrative level and at all levels of appeal, including at the Eleventh Circuit.

    2. <u>Dr. Martinez' Opinions Postdating August 29, 1998</u>

Plaintiff left the country for a period of time and did not return to see Dr. Martinez until September 16, 2002, well after her insurance lapsed. Medical records reflect that she complained to Dr. Martinez of neck, mid-back and low-back pain, numbness of the left arm and leg and insomnia. (T. 177) Dr. Martinez reported that Plaintiff had an antalgic gait and that her symptoms had been slowly, progressively getting worse to the point she could no longer do anything for longer than thirty minutes without

stopping and taking a break. Id. Dr. Martinez reiterated his February 5, 1998, diagnosis and disability opinion. (T. 180-81)

On January 6, 2003, Dr. Martinez again opined that Plaintiff was permanently limited to lifting ten pounds occasionally. (T. 182) However, in light of Plaintiff's worsening condition, Dr. Martinez opined that Plaintiff could sit for thirty minutes at a time in an eight-hour workday and stand or walk ten to fifteen minutes in an eight-hour workday. (T. 182-83) Dr. Martinez further opined that Plaintiff could not climb, balance, stoop, or crawl and that reaching, pushing and pulling were affected by her impairments. Id. On April 7, 2003, in response to a letter from Plaintiff's counsel, Dr. Martinez stated that Plaintiff had been continuously, permanently and totally disabled from February 5, 1998, until his opinion date of April 7, 2003. (T. 188) He offered no basis for his findings for those crucially relevant time periods when he was not treating Plaintiff, 1998 until September 2002.

       3.     Dr. Quezada Dominguez' Opinion

Between November 4, 2000, until December 9, 2001, Plaintiff was treated by Dr. Arturo R. Quezada Dominguez in Mexico. (T. 189-90) Plaintiff complained of back pain, inflammation of the left arm, paresthesia of the left hand, problems walking and neck and thorax pain. Id. Dr. Quezada Dominguez examined Plaintiff's previous MRI and noted a herniated disc, a compressed anterior thecal sac and spinal cord and disc narrowing. Id. Dr. Quezada Dominguez reported that Plaintiff had moderate depression. Id. Dr. Quezada Dominguez recommended that Plaintiff undergo an

updated MRI, but Plaintiff was financially unable to follow this recommendation. Id. Dr. Quezada Dominguez did not identify any limitations associated with Plaintiff's medical conditions, and Plaintiff did not offer any other medical evidence of his findings.

    4. Opinions of State Agency Physicians and Psychiatrists

Between October 2001 and April 2002, state agency physicians and psychiatrists reviewed the medical evidence but made no findings because Plaintiff had moved out of the country and they concluded there was insufficient evidence in the file. (T. 143-74)

    5. The ALJ's Determination

The ALJ determined that Plaintiff did not provide evidence demonstrating that her physical and/or mental condition was disabling between the alleged onset date of August 29, 1998, and the date she was last insured of December 31, 2001. (T. 23) The ALJ acknowledged that Plaintiff was diagnosed with cervical, thoracic and lumbar sprain, herniated discs, multiple level arthritis and chronic insomnia. (T. 23) The ALJ noted that the record showed no significant change in the Plaintiff's overall condition or functional ability since Judge McArdle, the ALJ who assessed Plaintiff's previous claim, rejected Dr. Coniglio and Dr. Martinez' opinion when denying Plaintiff's first application on August 28, 1998. (T. 24) The ALJ indicated that Dr. Martinez' 2002 opinion was virtually identical to his 1998 opinion and noted that Dr. Martinez did not see Plaintiff between February 1998 and September 2002. Id. The ALJ therefore

accorded Dr. Martinez' opinion no credibility or weight for the claimed disability period. Id.

### 6. The Parties' Contentions

Plaintiff argues that no good cause existed to reject or discount the opinions of either Dr. Martinez or Dr. Quezada Dominguez. (Pl. Mem. at 4-5) Plaintiff contends that these opinions are entitled to be taken as true as a matter of law because they are not contradicted by other medical evidence or agency opinions. Id. at 4-6. For this reason, Plaintiff requests that the ALJ's decision be reversed and remanded for an immediate award of benefits. Id. at 6.

The Commissioner responds that the ALJ had good cause to discount the opinions of the treating physicians because these opinions were unsubstantiated and do not relate to the claimed period of disability. (Comm'r Mem. at 12) The Commissioner argues that the record does not demonstrate any significant change in Plaintiff's condition to support Dr. Martinez' September 2002 opinion and that Dr. Quezada Dominguez did not assess any specific limitations and provided Plaintiff conservative treatment. Id.

### 7. Analysis

The law on the priority of medical evidence of this circuit is clear: "[t]he opinion of a treating physician . . . 'must be given substantial or considerable weight unless "good cause" is shown to the contrary'". Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).

10

Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion and the failure to do so is reversible error. Lewis, 125 F.3d at 1440. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the [Commissioner]." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988) (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th. Cir. 1986)). "Good cause" exists where (1) the treating physicians' opinions are not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the treating physicians' opinions are conclusory or inconsistent with their own medical records. Phillips, 357 F.3d at 1240-41. This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1527(d)(2)).

The Undersigned finds that the ALJ's decision to disregard the 2002 conclusory statement of Dr. Martinez, that Plaintiff was "continuously, permanently and totally disabled from [February 5, 1998,] to [April 7, 2003]," which was back-dated to include a significant period of time when he was not treating the Plaintiff (T. 188), and his decision to reject the findings of Dr. Quezada Dominguez are supported by good cause. As noted, the relevant time for review of Plaintiff's claim began on August 29, 1998, and continued through the last date insured of December 31, 2001. The Commissioner is correct that in acknowledging the impact of the prior opinion rejecting

11

Plaintiff's claim for the period predating the instant claim of disability, the ALJ did not *de facto* reopen the prior decision. (Comm'r Mem. at 8-10)  Rather, the ALJ's analysis and this Court's review are correctly limited to the period post dating the last hearing decision of August 28, 1998, up through and including December 31, 2001.

In this regard, only one physician saw Plaintiff during this period, Dr. Quezada Dominguez, and he offered no opinion regarding limitations or impairments caused by his review of the October 1996 MRI. See 20 C.F.R. § 404.1527(d)(2)(stating that an ALJ must give a treating physician's opinion on the nature and severity of a claimant's *impairments* controlling weight)(emphasis added).  Although Dr. Martinez purported to relate his opinion back to the relevant time period, it is undisputed that he did not treat the Plaintiff during this period and he provided no objective medical evidence to support his back-dated opinion. (T. 23-24)  Likewise, the agency consultants enlisted to evaluate Plaintiff's complaints declined to issue or reach an opinion during that time. (T. 143-74)  Each stated there was insufficient medical evidence to make a determination. (T. 143, 158, 172)

Finally, the legal conclusion of Dr. Martinez that Plaintiff was disabled was properly rejected as improperly invading the exclusive province of the ALJ. 20 C.F.R. § 404.1527(e)(2) (2005).

In making a claim for disability, of course, the Plaintiff bears the burden of establishing disability through step four of the sequential analysis.  This includes submitting timely medical evidence to support that claim.  Where, as here, the ALJ

12

found no such evidence to be present and where that decision is consistent with legal standards and supported by substantial evidence, the claim of disability fails.

### B. WHETHER THE ALJ UTILIZED AN INCOMPLETE OR INACCURATE HYPOTHETICAL WHEN ELICITING THE VE'S TESTIMONY.

Plaintiff next contends that the ALJ erred when he asked the VE hypothetical questions that did not comprise all of her impairments and, consequently, his findings that Plaintiff can perform a full range of light work activity, including her past relevant work activity, are not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's hypothetical was improper because it ignored Dr. Martinez' February 1998 opinion that Plaintiff could only sit for two hours and could only stand or walk for less than two hours in an eight-hour workday. (Pl. Mem. at 12)

Hypothetical questions posed to a VE must comprise all of the medically proven limitations in order for the VE's testimony to constitute substantial evidence. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). Having concluded that the ALJ properly rejected as irrelevant any additional limitations imposed on Plaintiff after her last date insured, the Court likewise finds that the hypothetical posed to the VE was sufficiently inclusive of Plaintiff's proven impairments and limitations. Thus, this challenge fails as well.

### C. PLAINTIFF'S REMAINING CONTENTIONS

Plaintiff's other contentions are equally without merit. As noted, the ALJ is under no duty to develop evidence of Plaintiff's disability through step four of the

sequential analysis; to that point the burden rests with Plaintiff.  Still, the ALJ sought opinions from state agency doctors who had inadequate information because Plaintiff had not been treated regularly in the relevant period.  Further, Plaintiff was adequately represented by counsel throughout the relevant period and could have submitted any material relevant to her claim.

Likewise, the ALJ met his obligation to determine Plaintiff's RFC and evaluate Plaintiff's subjective complaints of pain singularly and in combination.  After "careful consideration of the entire record," the ALJ determined that Plaintiff retained the RFC to perform a full range of light work.  (T. 23)  This determination is supported by the fact Plaintiff failed to submit evidence to demonstrate that her condition was disabling during the relevant time period.  (T. 23-24)  Additionally, the ALJ articulated the proper pain analysis.  To the extent Plaintiff's complaints of pain were supported by Dr. Martinez' out-dated findings and Dr. Quezada Dominguez' unsupported and cursory findings they were properly rejected.  (T. 24).  The ALJ considered all of Plaintiff's symptoms, including her pain, and found that Plaintiff's "subjective complaints of pain and other symptoms" were not fully credible.  (T. 23, 25)  The ALJ concluded that Plaintiff's condition remained unchanged since the August 1998 decision and there was no basis for allowing any more credibility to the medical evidence of record from the relevant time period than that accorded to it by ALJ McArdle.  (T. 24)  Thus, he met his obligation under the prevailing legal standards.  See Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995) (stating that the ALJ must articulate "explicit and adequate

reasons" for discrediting Plaintiff's complaints of pain).  His findings are supported by the record.

**IV.    Conclusion**

For the reasons cited above, the Undersigned **REPORTS** and **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and the **CLERK** be directed to **CLOSE** this case.

Respectfully **RECOMMENDED** in Tampa, Florida on this 17th day of August 2006.

MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Presiding District Court Judge
Counsel of Record
Unrepresented Parties

15